UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ,<br><br>          Plaintiff,<br><br>      v.<br><br>ENHANCED RECOVERY COMPANY,<br><br>          Defendant. | No. 2:17-cv-0607 KJM DB PS<br><br><br><u>ORDER</u> |

        Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are a motion by plaintiff and an ex parte application by defendant.

        In this regard, on July 26, 2018, plaintiff filed a "MOTION FOR A HEARING." (ECF No. 47.) Therein, plaintiff alleged that defendant informed plaintiff that defendant "will be filing a motion" to compel discovery from plaintiff. (<u>Id.</u> at 1.) Plaintiff sought a hearing on the matter before granting defendant's motion to compel. (<u>Id.</u> at 1-2.) However, defendant never filed a motion to compel and plaintiff's motion was not noticed for hearing before the undersigned. Accordingly, plaintiff's July 26, 2018 motion for a hearing will be denied.

        Moreover, on March 30, 2018, the undersigned issued a pretrial scheduling order in this action. (ECF No. 41.) On December 28, 2018, defendants filed an "*EX PARTE* APPLICATION TO EXTEND CERTAIN DATES IN THE PRETRIAL SCHEDULING ORDER." (ECF No.

52.) Therein, defendant seeks to extend the deadlines for the completion of discovery, law and motion, the date of the final pretrial conference, and the date of the jury trial.  (Id. at 2) (emphasis in original).  Defendant asserts that Rule 16(b)(4) of the Federal Rules of Civil Procedure requires good cause to modify a scheduling order and that "Local Rule 144(c) provides" that the court may "grant an initial extension ex parte upon the affidavit of counsel[.]"  (Id.)

Defendant is correct that Rule 16 applies to motions to amend the scheduling order.  In this regard, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  "'Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.'"  Manriquez v. City of Phoenix, 654 Fed. Appx. 350, 351 (9th Cir. 2016) (quoting Johnson, 975 F.2d at 609).

Pursuant to Rule 16(b) the schedule in this action "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

However, the discussion of good cause and diligence found in defendant's application is somewhat cursory.  Moreover, defendant misunderstands Local Rule 144.  In this regard, Local Rule 144 concerns extending or shortening the time for filings such as "to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or request for production of documents[.]"  Local Rule 144(a).  Here, defendant is seeking more than simply an extension of a filing deadline.  Defendant's application, therefore, will be denied.

////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 26, 2018 motion (ECF No. 47) is denied; and

2. Defendant's December 28, 2018 ex parte application (ECF No. 52) is denied.[1]

Dated: January 9, 2019

                                                                                                    
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ortiz0607.ex.parte.den.ord

---

[1] If defendant wishes to amend the scheduling order in this action, defendant should first seek a stipulation from plaintiff. Absent a stipulation, any motion to amend the schedule in this action shall be filed in compliance with Local Rule 230.