UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ, | No. 2:17-cv-0607 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| ENHANCED RECOVERY COMPANY, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On April 23, 2019, defendant filed a motion for a protective order and a motion for summary judgment. (ECF Nos. 69 & 70.) Those motions are noticed for hearing before the undersigned on May 24, 2019.[1] Pursuant to Local Rule 230(c) plaintiff was to file opposition or a statement of non-opposition to defendant's motions "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, has failed to file a timely opposition or statement of non-opposition.

The failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

---

[1] Also noticed for hearing that day is plaintiff's motion for judgment on the pleadings. (ECF No. 68.)

within the inherent power of the Court." Local Rule 110.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.  In light of plaintiff's pro se status, and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for plaintiff's conduct along with a final opportunity to oppose defendant's motions.

The undersigned also notes that defendant's motion for a protective order seeks "a protective order declaring that Defendants and their counsel do not have to respond to Plaintiff's written discovery" demands.  (ECF No. 69 at 1.)  This motion would, on the surface, appear unnecessary as defendant's acknowledge that discovery in this action has already closed, and plaintiff has not moved to compel defendant's response.  (Id. at 2.)

However, defendant's motion also references "troubling, indeed threatening communications from Plaintiff[.]"  (Id. at 2.)  Defendant's motion cites an email in which plaintiff sought to apologize "face to face," signed off "thx sweety," on one occasion arrived at counsel's office unannounced, and later threatened to "commit a sin."  (Id. at 3-7.)  As noted above, the motion has not been fully briefed.  And it is unclear what remedy defendant seeks from the court with respect to this conduct.

Nonetheless, the undersigned will remind the parties that they are to behave courteously and professionally.  They may disagree without being disagreeable.  And certainly the parties may take any permissible and reasonable steps necessary to ensure their comfort and safety.  Moreover, the parties are cautioned that the court expects the parties to refrain from any form of threatening conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed for lack of prosecution;

2. The May 24, 2019 hearing of plaintiff's motion for judgment on the pleadings (ECF No. 68), and defendant's motions for a protective order and summary judgment (ECF Nos. 69-70)

is continued to **Friday, June 21, 2019, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

  3. On or before **June 7, 2019**, plaintiff shall file an opposition or statement of non-opposition to defendant's motions[2]; and

  4. Plaintiff is cautioned that the failure to timely comply with this order may result in the recommendation that this case be dismissed.

Dated: May 17, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ortiz0607.cont3.hrg

---

[2] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3